UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM S. NEELY, | No. 2:19-cv-02248 GGH P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

Although petitioner uses the district court's 28 U.S.C. § 2254 forms, petitioner in fact seeks a writ of mandate requesting this court to direct Sacramento County's District Attorney and Sacramento County Superior Court to release documents involved and included in his criminal case file for which petitioner was convicted and currently serving a sentence for. ECF No. 1 at 5, 15. For relief, petitioner is requesting this court to "order Sacramento County D.A. and Superior Court to release the requested information in comportment with petitioner's First Amendment right and 14th Amendment due process right." Id. at 15. Moreover, petitioner has not filed an in

////
////

1

forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Nevertheless, the undersigned will recommend dismissal of petitioner's application for a writ of mandate.

Pursuant to 28 U.S.C. §1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[S]ection [1361] applies only to actions brought against 'an officer or employee of the United States.' " Newton v. Poindexter, 578 F. Supp. 277, 279 (E.D. Cal. Jan. 18, 1984). Here, petitioner is requesting this court to order officers or employees of the State of California to release information contained in petitioner's state criminal case file. This court lacks jurisdiction to compel state courts, state employees, or state officers to comply with petitioner's requests. Newton, supra, 578 F. Supp. at 279; see also Clark v. State of Wash., 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]")

Likewise, the court lacks jurisdiction to issue writs of mandamus to a state court pursuant to 28 U.S.C. § 1651. Demos v. U.S. Dist. Court For E. Dist. of Washington, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

Moreover, it is not clear to the undersigned for what use petitioner seeks the documents. To the extent that they might be used in an actual, substantive federal habeas corpus petition, there is no such petition on file, and one may not use federal habeas discovery provisions first in order to file a subsequent petition.

Accordingly,  IT IS HEREBY ORDERED that the Clerk shall assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of mandate be dismissed and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1 | "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that
2 | failure to file objections within the specified time may waive the right to appeal the District
3 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4 | Dated: Dated: November 28, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE